Martin, J.
delivered the opinion of the court. The petition states that the defendant is indebted to the plaintiff for the proceeds of a parcel of peltry, by him consigned to the defendant—that the defendant has an unliquidated claim against the plaintiff, which the latter is willing to admit as a compensation or set off, as far as it just.
The answer, after a general denial, concludes that, far from being indebted to the petitioner in the sum by him claimed, or any other sum whatsoever, the petitioner is, as the defendant expects to prove it, his debtor of a sum of $1200 for a balance of account.
To establish his claim, the plaintiff introduced three witnesses, who proved that the defendant wrote to a Mr. Bourgeois to pay to the plaintiff the proceeds of a remittance of peltry, but that the plaintiff agreed to receive payment in Bordeaux.
He next introduced a fourth witness, who deposed that he, the witness, agreed to pay the money in New-Orleans, as soon as his correspondent *185 received it in Bordeaux. He accordingly forwarded to that city a sealed letter from the plaintiff, but the witness’s correspondent informed him he had not received any thing, nor could any thing be received.
The plaintiff after this offered in evidence the account of sales of the peltry, an account current signed by the defendant’s attorney in fact, and a copy of the letter to Bourgeois, alluded to by the three first witnesses.
The court below considered “the reading of the letter as immaterial: forasmuch as it was proven that the proceeds of the peltry were to be paid for in Bordeaux.”
To this opinion and rejection of the evidence, the plaintiff excepted.
There was finally a judgment for the defendant and the court gave as the reason of it “that, according to the terms of his agreement, with the defendant, the plaintiff ought to demand the proceeds of the peltry in Bordeaux, before he can have any recourse against the defendant here, and that, this not being done, he had no right of action.”
From this judgment the plaintiff appealed and the case, has been submitted to us without argument.
*186 I. As to the rejection of the evidence, we think the copy of the letter was properly rejected, as the original was not accounted for. The court was therein correct, but the reason given for the rejection is a bad one.
II. The court erred in giving judgment against the plaintiff. The debt, set forth in the petition, being absolutely denied, it became his duty to prove it, and he appears to have done so by the production of the account of sale of the peltry.
It is true, a circumstance, not in the least contradicting the allegations in the petition, nor the evidence resulting from the account of sales, was disclosed: viz—that the plaintiff had agreed to receive his money in Bordeaux. If the defendant can reap any benefit from this agreement, he ought to have pleaded it, with an averment that he was ready, and is still so, to pay the money in Bordeaux. But he pleaded the general issue, and answered further that far from being a debtor, he is a creditor to the plaintiff.
It is therefore clear from the defendant’s own shewing, that he never was, nor is now, ready to pay the monies claimed in Bordeaux or any where else. It would have been idle in the plaintiff to have delayed his suit here, till evidence was obtained from Bordeaux of a fact obvious from the pleadings.
Livingston for the plaintiff. Moreau for the defendant.
The plaintiff’s readiness to receive his debt it is always presumed, and when it is not payable till on or after a demand, if any advantage be expected, from his want of readiness to receive, the defendant should allege his own readiness to pay.
The judgment of the court below is therefore annulled, avoided and reversed, and, as we are unable to ascertain the quantum of the claim, the cause is remanded for trial, with directions to the judge not to reject any legal evidence offered by the plaintiff, on the ground that he does not shew that he made a demand in Bordeaux, and it is ordered that the appellee pay the costs of this appeal.